IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

J&J SPORTS PRODUCTIONS, INC.                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:14CV075-NBB-SAA

EL PATRON RESTAURANT OF
SOUTHAVEN, LLC, AND JOSE AGUIRRE                                        DEFENDANTS

## ORDER GRANTING DEFAULT JUDGMENT

This cause comes before the court on the Motion for Default Judgment filed by plaintiff J&J Sports Productions, Inc. The court finds that the defendants El Patron Restaurant of Southaven, LLC, and Jose Aguirre were properly served in this matter; that the defendants failed to answer or otherwise defend themselves against the plaintiff's complaint; that the plaintiff is entitled to a judgment by default under Federal Rule of Civil Procedure 55; and that the plaintiff is entitled to statutory damages, enhanced damages, and attorneys' fees as more fully explained below:[1]

I.      Background

J&J sued El Patron and Jose Aguirre on April 11, 2014. In its complaint, J&J avers that the defendants violated the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, and other federal statutes when they aired a boxing match on the televisions in their establishment on April 14, 2012, without first obtaining a license from J&J, which held the exclusive nationwide

---

[1] Given the defendants failure to answer the complaint, the court accepts all well-pleaded factual allegations in the complaint as true, except those regarding the amount of damages. *United States for Use of M-Co Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages.").

television distribution rights. J&J further alleges that the violation was willful. The defendants were served but failed to answer, resulting in a clerk's entry of default.

II.     Damages

In very general terms, § 605(a) prevents the interception and unauthorized use of interstate communications – commonly referred to as piracy. By default, the defendants have admitted the willful violation of this provision. Section 605(e)(3)(C) provides the civil remedies for such violations and includes either actual or statutory damages. The Act further allows enhanced damages under § 605(e)(3)(C)(ii) for willful violations.

     A.     Compensatory Damages

J&J seeks statutory damages under § 605.[2] The statute states in relevant part:

> Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
>
> * * *
>
> (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . .

47 U.S.C. § 605(e)(3)(C)(i)(II). The court finds the request appropriate, and it will be granted. The defendants would have paid $1,200 to show the fight legally. J&J is entitled to this amount, but it will be subsumed in the award of statutory damages. According to J&J's record evidence, the defendants showed the fight on two televisions and maintained approximately fifteen patrons throughout the night. No cover was charged, and little else is known about the defendants'

---

[2]J&J also seeks damages under 47 U.S.C. § 553, *et seq.*, but similar cases cited by the plaintiff have entered judgment pursuant to § 605 alone, ostensibly to avoid double recovery, though none of the orders cited state the reason. "Sections 553 and 605 ultimately implicate similar policy objectives and provide similar standards and remedies." *Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001).

profits. J&J requests the maximum statutory award, but the court must award an amount it deems just. *Id.* The court finds that a total award of $5,000 is an appropriate remedy. This figure is inclusive of the $1,200 the defendants would have paid to J&J.

B. Enhanced Damages

Section 605 also permits the court, in its discretion, to award up to $100,000 in additional damages where the violation was committed willfully. The statute states:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

47 U.S.C. 605(e)(3)(C)(ii). The record reveals that the violation in the case sub judice was indeed willful and for purposes of commercial or private financial gain. A number of analogous cases have awarded damages of $15,000. The court finds this amount reasonable in the present case as the impact was minimal, but the conduct was willful and highlights a need for deterrence. The court will thus award $15,000 in enhanced damages in addition to the $5,000 awarded above.

C. Attorneys' Fees

J&J is entitled to reasonable attorneys' fees under § 605. The statute states:

> The court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

47 U.S.C. § 605(e)(3)(B)(iii). J&J has submitted sufficient record evidence to justify an award of $2,286.00.

It is, therefore, **ORDERED AND ADJUDGED** that Plaintiff J&J Sports Productions, Inc., is entitled to default judgment against Defendants El Patron Restaurant of Southaven, LLC, and Jose Aguirre in the amount of $22,286.00.

This, the 30th day of March, 2016.

    /s/ Neal Biggers  
**NEAL B. BIGGERS, JR.**  
**UNITED STATES DISTRICT JUDGE**